UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ADAM SHANE SWINDLE** | **:** | **DOCKET NO. 21-cv-0400** |
| **REG. # 32320-001** | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **S. MA'AT** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [doc.1] by pro se petitioner Adam Shane Swindle. Swindle is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Swindle brings this petition seeking expungement of a prison disciplinary proceeding involving prohibited outgoing mail and resulting in a loss of 27 days of good time credit. Doc. 1, p. 7. He brings the instant habeas petition claiming there is no evidence that he committed the charge of mail abuse. *Id*. at p. 6. Accordingly, he seeks restoration of his good time credits and expungement of the charge.

## II.
## LAW & ANALYSIS

### A. *28 U.S.C. § 2241*

A 28 U.S.C. § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished).

Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

### B. *Application*

The record reveals that petitioner received all due process due under *Wolff*. Petitioner was notified of the charges against him on November 19, 2019, in a written incident report. Doc. 1,

att. 3, p. 2. On November 20, 2019, he was provided a copy the Inmate Rights at the Discipline Hearing. *See id*. at p. 3, Section I(C). The DHO hearing was held on December 5, 2019. Based on the foregoing, petitioner received sufficient notice of the charges against him, more than twenty-four hours before the DHO hearing.

The record also reveals petitioner was afforded the opportunity to appear, make a statement, call witnesses, and present rebuttal evidence. The DHO report states the following:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights and had no documentary evidence to present. You declined any witnesses, and you requested the services of a staff representative, Counselor Smith, to assist you at the hearing. You indicated to the DHO you were ready to proceed with the hearing.

*Id*. at p. 4. Finally, petitioner was provided a written statement of the DHO's findings on February 7, 2020. *Id*.

Therefore, the only determination left is whether there was "some evidence" presented upon which a reasonable, impartial adjudicator could rely to find that petitioner committed the prohibited act of (attempted) mail abuse.

The DHO report outlines the evidence relied upon by the DHO and the reasons for reaching this decision. Specifically, on November 19, 2019, at approximately 8:30 a.m. while processing inmate Adam Swindle's, Reg. No. 32320-001, BP-199 care of cashier treasury check request to be mailed to "Cellmate and Convict Services," staff observed a handwritten note authored by inmate Swindle. *Id*. at p. 5, ¶ V. The note was advising Cellmate and Convict Services not to send the item he is ordering to him at FCC Oakdale, due to the risk of rejection, but instead send the item to the address:639 Carbon Hill, AL 35549. *Id*. The DHO also relied on envelope addressed to Cellmate and Convict Service, from inmate Swindle, Reg. No. 32320-001, containing a letter to C&C, stating, "due to the risk of rejections, please send order to the address provided, A. Swindle,

639 Sparks Rd., Carbon Hill, AL 35549." *Id*. Included was an Inmate Initiated Withdrawal Entry, depicting the $50.00 withdrawal for subscriptions, the cashier's check for $50. *Id*. During the DHO Hearing, inmate Swindle elected to make the following statement, "the 639 Sparks road is my release address." *Id*. The DHO also asked him why he requested that the item be sent to 639 Sparks Rd., Carbon Hill, AL 35549 and he replied, "so I could make sure." *Id*. The requested staff representative, Counselor Smith stated, "he is no trouble." *Id*. She also stated, "All due process rights were met." *Id*.

The DHO considered his statement and defense to the charge and found that although Swindle argued that he wanted to "make sure" he received the item due to the possibility of rejection at the prison, when he directed the company, Cellmate and Convict Service to send items to another address instead of to his prison address, he was considered in violation of Attempted Mail Abuse. *Id*. The decision to find Swindle guilty was based on the reporting staff member's written statement and the evidence presented. *Id*. The DHO held that Swindle's actions were a clear violation of policy and noted that any action on the part of any inmate to use the mail in an unauthorized manner poses a serious threat to the ability of the staff to control the use of the mail. *Id*.

Accordingly, it cannot be said there was no evidence to support the DHO's findings; rather, the evidence is sufficient to sustain a disciplinary conviction. Therefore, petitioner fails to show a right to federal habeas relief.

### III.
#### CONCLUSION

For the reasons stated above, Swindle's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE